Good morning. May it please the court, I'm James Laughlin and I represent the appellant Dennis Emmett. Would the court's commission like to adjourn for two minutes and take my time for rebuttal and I'll watch my time. Will you keep your voice up? Yeah, keep your voice up and you can slow down, there's no rush. I'm very sorry. You know, we're not going to jump all over you. I'm very sorry. The district court in this case committed two errors. First, it applied the wrong standard when denying Mr. Emmett's application for early termination and supervised release. And second, it failed to acknowledge the applicable 3553A factors or otherwise adequately explain the reasons for its decision. Although the court could reverse based solely on the second error, it's important that it addresses the first issue as well because remanding without guidance about how to consider these kinds of motions would cause a significant risk of another error. And because Mr. Emmett has only five more months left on his current term of supervised release, he won't have time for a second appeal. But more than that, guidance from this court is important because early termination, the correct use of early termination, could have a profound impact on the federal courts. Judge Bell of the Judicial Conference Committee on Criminal Law has said that proper use of early termination promotes justice, conserves resources, and protects the public. And when we talk about conserving resources, he's talking about the millions of dollars that will be saved if courts recognize their discretion to use these in appropriate cases. Let me ask a question here. First of all, you said that the district court applied the wrong legal standard. There was no standard applied at all, was there? How can it be the wrong legal standard if no legal standard was suggested by the district court? Well, Your Honor, I agree it is confusing. And that's why there's some tension between the first issue and the second issue. It's clearly one or the other. The court didn't adequately explain what it was doing. But to the extent that it did use the words, Mr. Emmett has not shown an undue hardship, if that's the standard it was applying, that was the incorrect standard. Because under the statute, under 3583E1, judges have broad discretion to grant early termination after one year has passed if, after considering all the relevant factors, they determine that the defendant's conduct and the interests of justice require it. There's nothing in that statute about unusual circumstances, extraordinary behavior. But why was the district court's explanation inadequate? The district court had gone through an extensive sentencing hearing, had considered all of the appropriate factors, and now gets an application for early termination that has no new information except for the fact that now he's lost his job and really is not in need of medical or educational programs. So the district court commented that the hardship's insufficient. Isn't it implicit in the record that the district court, and it's the same judge who had gone through the sentencing hearing, had already previously fully considered the 3553A factors? No, Your Honor. And the reason for that is because considering the 3553A factors applicable to sentencing five years ago is different from considering the 3553A factors applicable to early termination five years later. The supervised release is not meant to be punitive. The only reasons for putting somebody on or keeping somebody on supervision is to promote the other purposes under 3553A. So the analysis the court does at that time, or should do at that time, is to look at the person and determine, is this person who's been on supervision for two years, do they really need to be on supervision anymore? And the judicial conference has provided guidance that should be used to guide that kind of analysis. And most important, it's created a presumption in favor of early termination. Well, that's an internal presumption that they give to the probation officers in evaluating whether or not they're going to recommend early termination. That's true, Your Honor, but I mean, I don't think that, I mean, the government didn't address the judicial conference policies at all. No. But I think that they're important. I think that the Chief Justice, the Chief Judges of the Circus, and all the other judges on the conference do not adopt these policies willy-nilly. In fact... But they're not grounded in any statute or sentencing guideline or some regulation that's been fully promulgated and whatnot. I mean, they're useful. Well, I mean, I think you're correct that consideration of the relevant 3553A factors in this particular setting is different five years later than from when it was at the time of sentencing. At least that was my experience. But let me ask you this. Would it have been sufficient for the district court judge to have said, I have considered all the relevant 3553A factors, and having done so, the application is denied? I think that would be a much closer case, but I think that it would still, without an explanation as to how the court viewed those factors with regard to Mr. Emmett's particular case, I think that it would have still fallen short because the duty of the court is to convey an explanation that's sufficient for this court to conduct a meaningful appellate review. And as Judge Nelson noted, even with the statement that was already given, we have a hard time figuring out what exactly the court was doing, what standard it applied. So if it had just said, I've considered these factors and it's denied, the court would be in a similar position. Well, why was it denied? How did it balance the factors? What standard did it apply? So I think that in that case, it would be insufficient. Well, what if the court incorporates the considerations and reasoning that it articulated at sentencing, saying, I remember this case. I can fully consider all the factors with regard to sentencing. Nothing new here except with regard to these two additional facts, and as to these facts, the hardship is not sufficient for me to terminate probation early. Would that have been sufficient? No, Your Honor. There would be a few problems with that. Again, the problem would be that to the extent the court said, well, I've already done the analysis of sentencing, that would show that the court was not doing the analysis. It should be doing the separate analysis at the time of the application, five years later. It's not the same analysis. So just by incorporating, by reference, something that happened five years ago, that would be insufficient. Again, and then Your Honor said there were no new circumstances. Again, that is not the proper standard. There's nothing in the statute that says that that's the standard for judging these kind of motions. And the third problem was that Your Honor mentioned undue hardship. Again, that may be a factor that the court can consider in determining, looking at these kinds of motions, but it is not a requirement. And I'd like to go back to Judge Piazza's comment about the judge's conference because I just think this is an important point. I recognize that they are internal and they're non-binding. They're not enforceable, as far as I know, by a defendant. But what's significant is that if the court looks at the district court cases, including one called Grossi from the Northern District of California, this is from 2011. These policies have been in place for a long time, and the report that's attached to the reply brief reflect that they were developed over time and modified over time based on statistical analysis. And yet, in the Grossi case... I understand the policies, and I know what the conference was up to, because they're trying to set, their goal is to do some, what they call, cost containment within the judiciary. And if they can reduce the amount of, the numbers of defendants that the probation department, probation office has to supervise, then obviously they don't need as many probation officers or the probation officers can spend more time with people, with defendants who need greater supervision and whatnot. There is efficiencies to be gained, and I understand that. And it does say something about the overall policy about early termination. In one of our unpublished decisions, we suggested that exceptionally good behavior might be a consideration. And, in fact, that was drawn from an opinion by the Second Circuit in a case called, I think, Lucier? I'm going to say La Sierra. La Sierra, whatever it is. I don't know. I can't. But what's wrong with that? Well, first of all, I think Your Honor is referring to the Smith decision, which is unpublished. And, first of all, the problem with that is it didn't suggest that extraordinary behavior was a consideration. It suggested that it's a requirement. And that's the problem with this whole line of district court cases that have followed the Second Circuit case. And, as I explained in the briefs, the problem is if you actually look at the Second Circuit case, it's not an early termination case. It's a subsection E2, not an E1 case. So everything it suggests about early termination is dicta. And yet it's developed over time that there's this – now there's this long line of district court authority people who point to say, oh, this is now a requirement. This has no basis in the statute. And I risk going back to the Judicial Council things for a moment. But I think what's key about those is they are inconsistent with the interpretations offered by the government based on these district court cases. And I don't think the conference would have adopted policies that is inconsistent with a statute. No, I understand. So I think that the conference supports my interpretation. The conference tends to be a very deliberative body. Yes, I'll give you one minute for rebuttal. But let's hear from the government now. Good morning, Your Honors. May it please the Court, Mark Yohalam on behalf of the United States. I want to start with Judge Paez's question to Mr. Laughlin and his answer, which was if the Court had stated the 3553A factors, said it had considered them, would that suffice? And Mr. Laughlin's answer was no, that would not suffice. That is significant. He said it would be a closer case. Well, initially he said it would be a closer case, but then ultimately said it would not suffice, that the Court would need to explain how the facts of this case fit into each of those factors and why that led to the conclusion. I was a bit surprised by that answer, although I think it's the only answer that he can give, given his position in this case. But it's significant because that is an unprecedented requirement. To date, what he's relied on primarily in the briefs are two cases, Gamarano from the Second Circuit and Lowe from the Seventh Circuit. And there's language in those cases suggesting that a summary denial of a 3583 motion would be impermissible, although I think even that, I think the defendant has overstated somewhat. But what both of those cases say expressly is that a statement, this is the Second Circuit and Gamarano, a statement that the District Court has considered the statutory factors is sufficient. And what the Seventh Circuit said in Lowe is that we have been satisfied if the District Court made comments reflecting that the appropriate factors were considered. But what does the Ninth Circuit say in Trujillo? Well, Trujillo is a different kind of motion. It's for reconsideration after a change in the guidelines. And what the court said there is that where the defendant's sentence is now an above-guideline sentence, it is inadequate to state nothing about the 3553A factors. Here, of course, the defendant's sentence was not an above-guideline sentence. The supervised release range went up to three years. His three-year term supervised release was within the guidelines. And so this court's general ruling, Cardi, which is not a unique holding. In fact, as recently as yesterday in the Vasquez-Perez decision, this court reaffirmed it that where it's a guideline sentence, little explanation is necessary. The court need not mention the 3553A factors. The court didn't in Vasquez-Perez because this court assumes the District Courts know the law and follow it, which is why I think the only answer that my opponent could give to your question, Judge Pius, is the one he gave, because there is no difference between this case and the case in which the District Court said, I've considered the 3553A factors required by 3583E. Well, I don't know. I think I probably beg to differ with you there because he did say, what was it, no undue hardship on the defendant? And if you look high and low in the 3553A factors, I don't think you'll find undue hardship in there as a consideration. I think you would, Your Honor, insofar as the nature and characteristics of the offender are always a factor under the 3553A analysis. And so whether something is a hardship on the defendant will be a factor that goes into the characteristics of the defendant. So in other words, imagine that there was a supervised release requirement. Under that argument, everything then you could tuck into one of those 3553A factors.  Your Honor, I think there are capacious factors, and we see that all the time, both at the District Court level and in this court, a variety of unenumerated factors like a defendant's age, a defendant's health. Those aren't mentioned in the 3553A factors. A defendant's close family ties, his professional accomplishments, his hard childhood, things like that. They don't need to be enumerated because the expectation is that these are capacious categories. The defendant is entitled, as the defendant here did. So if he had said the defendant has failed to show extraordinary good behavior, you would say, well, that's just part of the defendant's history and characteristics or whatever. It's just part of one of the 3553A factors. Absolutely, Your Honor. I think what the court needs to start with is the presumption that Cardi makes clear that the District Court knows the law and follows it. This is not a rogue District Court judge or a District Court judge with no experience. It's a highly experienced District Court judge who no doubt has seen these motions innumerable times, dealing with a one-page motion of which one of three paragraphs is a recitation of applicable standards. I will fess up here. I mean, it's amazing how you learn something all the time on this job. But I had no idea that the Judicial Conference had published its policy that I gather is to be applied by the probation officers as they evaluate defendants. I mean, I thought that was extremely interesting information that they've published and have written about. I agree, Your Honor, and I also agree with what you stated earlier, which is that obviously a driving factor and one that's stated right at the outset is cost controlling. And that is a factor that is certainly not a 3553A factor. It is a capacious standard, but there are things that aren't included in it like that. And I think it's significant what 3583E says, not just in terms of the 3553A factors it incorporates, but the language it uses, which is different from what you sometimes see in other statutes. It does not say the court shall or the court should terminate. It says the court may, after considering the relevant 3553A factors, terminate if it is satisfied that such an action is warranted by the conduct of the defendant released in the interest of justice. So obviously extraordinary good behavior would go to that conduct of the defendant released. I think whether it's an undue hardship would go to whether it's in the interest of justice. But these two words, may and if it is satisfied, I think that shows why the defendant's request here for a presumption in favor of early termination would be a usurpation of the discretion given to the district court. Supervised release is different from other kinds of sentencing. One of the reasons why there are a lot of formalities involved in the pronouncement of a sentence following a sentencing hearing is, first of all, a sentencing hearing itself is very formal. But the main sentence given at the time of the judgment is sort of the ballgame. It's hard to change it. Yes, it can go up on appeal. But basically, that sentence has a great deal of weight. Well, Rule 32 does allow for supervised release for a defendant to come in and ask for a modification of supervised release. It specifically allows for that. Exactly right. And that's why so much discretion is vested in the district courts in this context, because they have this ongoing relationship with the defendants, an ongoing supervisorial role. And for that reason, it's not for this court to create a one-size-fits-all presumption in favor of early termination or a presumption against early termination. Well, let me ask this. As I read Carty and Trujillo, you've distinguished Trujillo, they seem to say if the arguments are not frivolous, are you claiming that Emmett's arguments were frivolous? No, I'm not. Then in that case, it seems to me what the reasoning of those courts is, if the arguments are not frivolous, then some reasons must be given for denying early release. I think it's a little bit more complicated than that, Judge Nelson. I think what Carty says is that if the reasons are not frivolous, ordinarily the court should respond, not that the court must. And then that's sort of the ordinary explanation. But then the court goes on in Carty to say, however, in some circumstances, the explanation can be inferred from the record as a whole. And in fact, in Carty, if you go to the end of the Carty decision, where it's actually talking about the arguments that Carty himself had been making at the district court level, they aren't frivolous arguments. They're not great arguments. But he's basically arguing about how if he spends a long time in prison, it would be a hardship on his family. And the court didn't respond to those, the district court didn't. And what the Embank opinion says is, well, based on the record as a whole, we can see why the court would reject those arguments, which is that the defendant had previously abused his children. And so, you know, a hardship on his family isn't such a strong factor. Similarly here, as Judge Nguyen points out, this is a district court judge who's familiar with the defendant. You know, these arguments that he's making are not such complicated arguments. And that's another factor that Carty says will determine whether or not you need a lengthy explanation. They're not super complicated arguments. They're basically that he's quite old, he's, you know, he's unemployed, and he's poor, and there's no reason to keep doing this to him. And I think the response that the district court gives, that it's not an undue hardship, that's not what – it's not saying that's the whole ballgame. That's just a shorthand way of responding to this line of argument from the defendant. But I think what the court can reasonably infer, and in fact under Carty must infer, is that the district court started with consideration of the 3553A factors, engaged in that consideration, it didn't need to say so expressly because this court will trust district courts to engage in that consideration, and then gave a shorthand response to the general gist of defendant's sentencing position. Thank you. Thank you, counsel. I'll give you a minute for rebuttal. Thank you very much. I just wanted to respond to the government's – what I think is the key point, which is it read from the statute and it talks about how important the district court's discretion is here, and then it accuses us of trying to cabin that. And I just want to clarify that as much as I like those judicial conference guidelines, I'm not asking the court to tell district courts you must follow those. I would hope that the probation offices and the district courts will use those when these applications come up. But what's important is – By the way, why wasn't this just referred to the probation office for their input? I don't know whether or not that's a common practice or not. I do know that we contacted the probation office initially and put their position in the declaration to our motion, but as far as I know, the district court didn't contact the probation office, and I don't know whether that's a normal procedure. Okay. But to follow up, although the government's accusing us of trying to rein in discretion, it's really the government's cases that it cites over and over every time these applications are put before district courts, saying you don't have the discretion to grant this motion unless there's extraordinary circumstances or exceptional behavior by the defendant. The only thing I'm asking this court to do is to clarify things to let them know that they do have broad discretion. Maybe they want to consider the judicial guidelines. Maybe they should consider the 3553A factors, but there's no requirements other than what's in the statute itself. Okay. Thank you very much. Thank you, counsel, both sides. We appreciate your arguments. Interesting case.
judges: Nelson, Paez, Nguyen